**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Mills,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-19-05415-PHX-MTL<br><br>**ORDER** |

Before the Court is Plaintiff Stephens Mills' appeal of an administrative law judge's ("ALJ") denial of his applications for certain social security benefits.[1] After reviewing the Plaintiff's Brief (Doc. 13, Pl. Br.), Defendant's Response (Doc. 14, Def. Br.) and Plaintiff's Reply (Doc. 15, Reply), as well as the administrative record (R.), the Court affirms the ALJ's decision.

**I.　　BACKGROUND**

Mr. Mills has a number of physical impairments, some of which an ALJ found severe.[2] (R. at 20.) The ALJ also found that certain other ailments, including Mr. Mills' sleep apnea, were not severe. (*Id*.) Despite acknowledging Mr. Mills' various medical conditions, the ALJ found that he was not disabled under the relevant social security regulations and thus denied his application for benefits. (*Id*. at 27.) The Social Security Administration's Appeals Council denied review, making the ALJ's ruling the final

---

[1] Although the Complaint and Response refer to Plaintiff as Stephen, the Opening Brief, Reply and several documents in the administrative record refer to Plaintiff as Stephens.
[2] A severe impairment "significantly limits [the] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

decision of the Commissioner of Social Security (the "Commissioner").  (R. at 2.)

## II. LEGAL STANDARD

The Court only reviews the challenged portions of an ALJ's decision.  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *see also Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) ("[The Court] will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.").  The Court may set aside the decision only when it is not supported by "substantial evidence" or is based on legal error.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  "Substantial evidence means more than a mere scintilla, but less than a preponderance.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld."  *Id.* at 674–75; *see also Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled.").  "Yet [the Court] must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence."  *Trevizo*, 871 F.3d. at 675.  "[The Court] review[s] only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he [or she] did not rely."  *Id.*  "Finally, [the Court] may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

To determine whether a claimant is disabled under the Social Security Act, the ALJ engages in a five-step sequential analysis.  20 C.F.R. § 404.1520(a).  The burden of proof is on the claimant for the first four steps but shifts to the Commissioner at the fifth.  *Molina*, 674 F.3d at 1110.  At step one, the ALJ determines whether the claimant is presently engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  If so,

the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in a certain federal regulatory provision. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is capable of performing past relevant work.[3] *Id.* § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step and determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If so, the claimant is not disabled; if not, he is disabled. *Id.*

## III. DISCUSSION

Mr. Mills argues that the ALJ erred by not finding his sleep apnea a severe impediment, rejecting a physician's testimony and rejecting Mr. Mills' subjective symptom testimony. The Court addresses each argument in turn.

### A. Severity of Mr. Mills' Sleep Apnea

At step two of the five-step analysis, an ALJ must determine whether a claimant's impairments are severe. § 404.1520(a)(4)(ii). This is a "de minimis screening device [used] to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153–54 (1987)). Here, the ALJ found that Mr. Mills' sleep apnea was not severe. (R. at 20.)

Mr. Mills argues that the ALJ erred in assessing the severity of his sleep apnea. (Pl. Br. at 8-9.) He points to a state agency physician's initial assessment, which found his impairment severe. (*Id.* at 9; R. at 87, 106.) The Commissioner counters that another state agency physician, who had updated medical evidence, opined that the sleep apnea

---

[3] "[R]esidual functional capacity is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1).

- 3 -

was not severe when this claim was at the reconsideration stage.  (Def. Br. at 9; R. at 123.)  What's more, even though the initial opinion found that Mr. Mills had medically severe sleep apnea, it also found that he could work despite the limitation.  (R. at 93.)  Thus, any error in discounting the initial physician's assessment was harmless.  The Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina*, 674 F.3d at 1111.

Mr. Mills also points to a sleep study that found the sleep apnea was severe.  (Reply at 2; R. at 445.)  That does not, however, end the matter.  The ALJ noted that a doctor prescribed a machine to help with sleep, verified that it was working correctly and instructed Mr. Mills on its proper use.  (R. at 20.)  Mr. Mills did not show that his sleep apnea or resulting fatigue worsened after that instruction.  These failures combined with Mr. Mills' history of not cooperating with his provider's treatment instructions demonstrate that the ALJ's decision was supported by substantial evidence.

More importantly, even though the ALJ did not find the sleep apnea severe, he ultimately resolved step two in Mr. Mills' favor and adequately addressed the impairments at step four of the disability analysis.  Any error in their omission at step two is therefore harmless.  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding that an ALJ's failure to include an impairment at step two was harmless error where the record reflected that the ALJ considered any limitations posed by the impairment at step four).

**B.     ALJ's Rejection of a Treating Physician's Testimony**

In assessing a claimant's RFC, the ALJ considers "all of the relevant medical and other evidence," including medical opinion evidence.  20 C.F.R. § 404.1545(a)(3); *see* 20 C.F.R. §§ 404.1513(a)(2), 404.1527.  The ALJ is required to evaluate and weigh every medical opinion in the record.  20 C.F.R. § 404.1527(c).  The type of relationship a medical source has with someone seeking social security benefits provides a starting point for deciding how much weight to give that source's opinion about a claimant.  Generally, the views of doctors who have treated a claimant get top priority.  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  Opinions of doctors who have examined but

not treated a claimant are next in rank. *Id*. Those doctors who have neither treated nor examined a claimant generally get the least consideration. *Id*. "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id*. An ALJ satisfies the substantial evidence requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." *Id.*

Dr. Carvel Jackson indicated that he was Mr. Mills' treating physician. (*See* R. at 24.) His opinion is thus entitled to controlling weight if it is well supported and not inconsistent with the other substantial evidence. *See* 20 C.F.R. § 404.1527(c)(2). The ALJ, however, found that Dr. Jackson's opinion was inconsistent with his own treatment notes and "the bulk of the objective medical evidence of record." (R. at 25.) Mr. Mills concedes that the ALJ identified inconsistencies between the medical record and Dr. Jackson's assessment concerning his vision. (Pl. Br. at 10.) However, Mr. Mills argues that the ALJ did not provide specific or legitimate reasons for rejecting Dr. Jackson's assessed limitations for Mr. Mills with respect to knee, shoulder and lower back pain; fatigue; and shortness of breath. (*Id*.) This argument does not account for the ALJ's reference to Dr. Jackson's exam of Mr. Mills, which indicated normal shoulder strength and range of motion as well as improvements in both the shoulders and knees. (R. at 25.) Further, it does not consider the benign results of some of Mr. Mills' physical exams that the ALJ cited. (*Id*.) The Court therefore finds that the ALJ did not err in concluding that Dr. Jackson's opinion was inconsistent with substantial evidence.

The next question is whether the ALJ should have nonetheless deferred to Dr. Jackson's opinion. Social security regulations provide a list of factors for the ALJ to consider. 20 C.F.R. § 404.1527(c)(2-6). The decision weighed a number of those factors, including consistency with the record and the extent to which the doctor supported his opinion. Specifically, the ALJ determined that the opinion was not well supported due to inconsistency with the doctor's own treatment notes. (R. at 25.) Also,

as explained earlier, the ALJ found that the opinion is not consistent with the record. (*Id.*) The Court finds no error in the ALJ's assigning little weight to Dr. Jackson's opinion.

### C. The ALJ's Rejection of Mr. Mills' Subjective Testimony.

Social Security Regulations require that the ALJ consider a claimant's statements about his symptoms when determining the RFC. *See* 20 C.F.R. § 404.1545(a)(3). In order to reject the claimant's statements, the ALJ must either cite evidence of malingering or provide clear and convincing reasons to reject the statements. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).

The ALJ found that Mr. Mills worked during part of the period in which he was allegedly disabled. (R. at 19.) Additionally, the ALJ cites Mr. Mills' daily activities such as driving, shopping, and walking for exercise several times per week. (*Id.* at 22.) To be sure, daily activities at home do not always translate to the ability to do the same activities for sustained periods in a work setting. *Smolen*, 80 F.3d at 1284 n.7 (9th Cir. 1996). However, Mr. Mills' working during part of the alleged injury period combined with some of his daily activities and inconsistency with objective medical evidence constitute clear and convincing evidence that his eye, knee and shoulder injuries are not as severe as his subjective claims suggest.

## IV. CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED**, affirming the decision of the Commissioner.

**IT IS FURTHER ORDERED**, directing the Clerk of Court to enter judgment accordingly and terminate this case.

Dated this 13th day of August, 2020.

Michael T. Liburdi
United States District Judge